UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROMERO LEMUS, CDCR #P-78464,<br><br>                      Plaintiff,<br><br>vs.<br><br>TOR ROBINSON, Physician's Assistant,<br><br>                      Defendant. | Case No.: 3:25-cv-00162-RBM-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Plaintiff Benjamin Romero Lemus ("Plaintiff"), an inmate incarcerated at Calipatria State Prison in Calipatria, California, proceeding pro se, filed a Complaint under 42 U.S.C. § 1983 ("Complaint"). (Doc. 1.)  Plaintiff also filed a Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed In Forma Pauperis ("IFP Motion") (Doc. 2).  For the reasons discussed below, Plaintiff's IFP Motion (Doc. 2) is **GRANTED**, and the Complaint (Doc. 1) is **DISMISSED**.

**I.     IFP MOTION**

All parties instituting any civil action, suit, or proceeding in a District Court of the United States, except for an application for writ of habeas corpus, must pay a filing fee of

1  $405, consisting of a $350 statutory fee plus a $55 administrative fee.[1]  The action may
2  proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to
3  proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047,
4  1051 (9th Cir. 2007) ("Plaintiffs normally must pay $350 to file a civil complaint in federal
5  district court, 28 U.S.C. § 1914(a), but 28 U.S.C. § 1915(a)(1) allows the district court to
6  waive the fee, for most individuals unable to afford it, by granting IFP status.").

7        A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust
8  fund account statement (or institutional equivalent) for . . . the 6-month period immediately
9  preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d
10 1113, 1119 (9th Cir. 2005) (noting that "prisoners must demonstrate that they are not able
11 to pay the filing fee with an affidavit and submission of their prison trust account records").
12 From the certified trust account, "[t]he [C]ourt shall assess and, when funds exist, collect,
13 as a partial payment of any court fees required by law, an initial partial filing fee of 20
14 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or
15 (B) the average monthly balance in the prisoner's account for the 6-month period
16 immediately preceding the filing of the complaint or notice of appeal."  28 U.S.C.
17 § 1915(b)(1).  "Thereafter, to complete payment of the filing fee, prisoners must pay, in
18 monthly installments, '20 percent of the preceding month's income credited to the
19 prisoner's account.'"  *Bruce v. Samuels*, 577 U.S. 82, 84 (2016) (quoting 28 U.S.C.
20 § 1915(b)(2)).  However, "[i]n no event shall a prisoner be prohibited from bringing a civil
21 action or appealing a civil or criminal judgment for the reason that the prisoner has no
22 assets and no means by which to pay the initial partial filing fee."  28 U.S.C. § 1915(b)(4).
23       In support of his IFP Motion, Plaintiff submitted a copy of his California Department
24 of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and Prison

---

[1] The administrative fee does not apply to persons granted leave to proceed IFP.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, No. 14 (eff. Dec. 1, 2023)).

Certificate attested to by a CDCR trust account official.  (Doc. 2 at 4.)  The document shows he has an average monthly balance of $29.98 and average monthly deposits of $38.50, with an available balance of $0.11.  *Id*.  Accordingly, the Court **GRANTS** Plaintiff's IFP Motion and declines to assess the $7.70 initial partial filing fee because Plaintiff does not have sufficient funds to pay it.  *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay").  The Court **ORDERS** the Secretary of the CDCR or his designee to collect and forward to the Clerk of the Court the $350 filing fee pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1)–(2).

## II.     SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)

### A.     Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (quoting and analyzing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (quoting 28 U.S.C. § 1915A(a)–(b)(1)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)") (citations omitted).  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quotation omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (quotation omitted).

**B.    Allegations in the Complaint**

Plaintiff alleges that on January 25, 2023, while incarcerated at Calipatria State Prison, he had nasal surgery at an outside hospital. (Doc. 1 at 3.) On February 1, 2023, after his return to prison, he had an appointment with Defendant Robinson. (*Id.* at 6.) During the examination, Defendant Robinson noticed "excessive swelling around [Plaintiff's] eyes and nose" and said, "let's remove those," referring to stitches and a splint. (*Id.*) Plaintiff asked for a numbing agent for the pain and Defendant Robinson said, "let me consult with myself" and then said, "I don't think so." (*Id.*) Defendant Robinson had Plaintiff recline backwards and inserted a tweezer-like instrument into his left nostril to remove the stitches and splint, "causing plaintiff to cry from excruciating 'sheer' unbearable pain." (*Id.*) Based on Plaintiff's reaction, Defendant Robinson said he "needed to read up on the procedure" and left the room. (*Id.*) When Defendant Robinson returned, Plaintiff asked him why he had started a procedure with which he was unfamiliar, and Defendant Robinson tried the same procedure again and failed. (*Id.* at 6–7.) "After three violent forceful attempts," Defendant Robinson removed the splints and stitches. (*Id.* at 7.)

Plaintiff was unable to breathe properly and thought Defendant Robinson had damaged his nose, so he submitted a health care services request form requesting urgent care. (*Id.*) He was seen by a doctor the next day who prescribed antibiotics to combat an infection developing in his lungs. (*Id.*) Between February and April 2023, Plaintiff was treated for breathing difficulties and claims that Defendant Robinson damaged his nasal structure causing him to contract multifocal pneumonia and chronic bronchitis. (*Id.* at 8.) Plaintiff states that he endured difficulty with breathing, chest pain, and coughing up green phlegm for 14 months, during which he was prescribed two courses of antibiotics. (*Id.*)

On April 5, 2024, Plaintiff had a teleconference with the doctor who performed the original surgery, who said his nose was "not how he left it" after the first surgery and agreed to a second surgery. (*Id.* at 9.) The second surgery took place on May 1, 2024. (*Id.* at 9–10.) Plaintiff claims Defendant Robinson was deliberately indifferent to his medical needs in violation of the Eighth Amendment by conducting a procedure that he was not qualified to perform which resulted in 14 months of pain and suffering and a second surgery. (*Id.* at 10–13.)

## C. Discussion

The Eighth Amendment's prohibition on the infliction of cruel and unusual punishment "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 101–03 (1976). "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)).

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). Second, Plaintiff must allege the prison official he seeks to hold liable had a "'sufficiently culpable state of mind' . . . . [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* (citations omitted). A prison official can be held liable only if he "knows of and disregards

an excessive risk to inmate health and safety;" he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The Court finds that, although not specified, Plaintiff's Complaint plausibly alleges a serious medical need requiring nasal surgery and follow-up care. *See Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994) ("[I]ndicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain.") (citation omitted). However, Plaintiff's Complaint fails to plausibly allege that Defendant Robinson was deliberately indifferent to that serious medical need in violation of the Eighth Amendment.

Deliberate indifference can be shown where the chosen course of medical treatment was "medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (citation omitted). However, allegations of inadequate medical treatment, medical malpractice, or even gross negligence by themselves do not rise to the level of an Eighth Amendment violation. *See Farmer*, 511 U.S. at 835–36 (explaining that negligence does not amount to deliberate indifference).

Plaintiff alleges that Defendant Robinson was unqualified to perform the procedure to remove the splint and stitches and that Defendant Robinson stopped during the first attempt when Plaintiff cried in pain, excused himself because he "needed to read up on the procedure," and then removed the splint and stitches on the third try. (Doc. 1 at 6–7.) Plaintiff alleges that Defendant Robinson unnecessarily caused pain during the procedure by declining Plaintiff's request for a numbing agent and caused complications resulting in pain and suffering for the next 14 months and necessitating a second surgery. (*Id.* at 610.)

The Court finds that, at most, Plaintiff alleges negligence or medical malpractice in the way Defendant Robinson removed Plaintiff's stitches and splint. As explained above,

allegations of negligence are insufficient to state an Eighth Amendment deliberate indifference claim. *See Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). Plaintiff's Eighth Amendment deliberate indifference to a serious medical need claim is **DISMISSED** *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim. *See Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

However, in light of Plaintiff's pro se status, the Court grants him **leave to amend** his Complaint in order to attempt to address the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

### III.  CONCLUSION

Accordingly, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. 2).

2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350.00 filing fee by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4) **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an amended complaint curing the deficiencies noted above. Any amended

Complaint must be complete by itself without reference to the original Complaint. Defendants not named and any claim not re-alleged in an amended complaint will be waived. *See* S.D. Cal. Civ. R. 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims may be considered waived if not re-pled).

If Plaintiff fails to file an amended complaint within the time provided, the Court will dismiss this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and his failure to prosecute the case in compliance with this Order. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.") (citation omitted).

**IT IS SO ORDERED**.

DATE: May 7, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE