UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROMERO LEMUS, CDCR #P-78464,<br><br>                                    Plaintiff,<br><br>                    vs.<br><br>TOR ROBINSON, Physician's Assistant,<br><br>                                    Defendant. | Case No.:  25-cv-00162-RBM-BLM<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT AND SUMMONS ON DEFENDANT ROBINSON PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

On January 21, 2025, Plaintiff Benjamin Romero Lemus, a state inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis ("IFP").  (Doc. 1–3.)  On May 7, 2025, the Court granted Plaintiff leave to proceed IFP and dismissed the Complaint with leave to amend for failure to state a claim after notifying him of its pleading deficiencies.  (Doc. 4.)  Following an extension of time, Plaintiff filed a First Amended Complaint ("FAC").  (Doc. 6.)

**I.      Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

**A.      Standard of Review**

Because Plaintiff is a prisoner proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  The Court must *sua sponte*

1

dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B.    Allegations in the FAC

Plaintiff alleges he underwent nasal surgery at an outside hospital on January 25, 2023, performed by Dr. Driskill, whose post-operative instructions included orders to provide Plaintiff with regular meals, ice, drip pads, Tylenol and Motrin for anticipated pain, and for the removal of the nose splint in seven days at the hospital or at the prison if the prison physician felt comfortable doing so. (Doc. 6 at 3–4.) Plaintiff returned to the prison and was housed in the Correctional Treatment Center ("CTC") triage and treatment area waiting to be cleared to return to the yard, but was not provided any of those items. (*Id.* at 4.) While at CTC he experienced dizziness, headaches, facial, chest and chronic sinus pain, and trouble breathing. (*Id.*) He informed Nurse Giovanna and CTC medical staff that he was in pain and having trouble breathing, but they "deliberately denied plaintiff access to pain medication and Dr. Driskill's post operative instructions." (*Id.*)

///

On February 1, 2023, Plaintiff had a post-op appointment with Physician's Assistant Robinson, the only Defendant named in this action. (*Id*. at 5.) Robinson noticed excessive swelling around Plaintiff's eyes and nose and said, "let's remove those." (*Id*.) Plaintiff asked for a numbing agent and Robinson chuckled and said, "let me consult with myself," and then said, "I don't think so." (*Id*. at 6.) Robinson had Plaintiff recline backwards and inserted a tweezer-like instrument into his left nostril to remove the stitches and splint, "causing plaintiff to cry from excruciating 'sheer' unbearable pain." (*Id*.) Based on Plaintiff's reaction, Robinson said he "needed to read up on the procedure" and left the room. (*Id*.) When Robinson returned, Plaintiff asked him if he knew what he was doing and why he had started a procedure with which he was unfamiliar. (*Id*.) Robinson tried the same procedure on the right nostril with the same result. (*Id*.) "After three violent forceful attempts," Robinson removed the splints and stitches. (*Id*.) Plaintiff claims that by failing to provide pain medication before the procedure Robinson created an unreasonable risk of serious harm which constituted deliberate indifference to a serious medical need. (*Id*. at 7.)

After the procedure Plaintiff was unable to breathe properly and thought Robinson had damaged his nose, so he submitted an urgent care request form. (*Id*.) On February 3, 2023, Plaintiff had a telemedicine visit with Dr. Driskill, who determined he had a nasal obstruction and purulent nasal drainage, and prescribed antibiotics to combat an infection developing in his lungs. (*Id*.) Between February and April 2023, Plaintiff was treated for breathing difficulties at CTC and contracted multifocal pneumonia and chronic bronchitis because of Robinson's actions. (*Id*.) Plaintiff states that he endured breathing difficulty, chest pain and coughing up green phlegm for 15 months, during which he was prescribed two courses of antibiotics. (*Id*. at 7–8.)

On April 5, 2024, Plaintiff had a teleconference with Dr. Driskill who diagnosed Plaintiff with a deviated septum, turbinate hypotrophy, purulent mucus, and deviated nasal bones. (*Id*. at 8.) Dr. Driskill noted that Plaintiff's nose was "not how he left it" after the first surgery, "shook his head in disbelief," and recommended a second surgery, after which

25-cv-00162-RBM-BLM

he stated he would remove the stitches himself at the hospital.  (*Id*.)  A second surgery took place on May 1, 2024.  (*Id*. at 9.)  Plaintiff claims Robinson was deliberately indifferent to his medical needs in violation of the Eighth Amendment by conducting a procedure he was not qualified to perform which resulted in 15 months of pain and suffering, a second surgery, and permanent damage to his nasal structure.  (*Id*. at 9–12.)

### C.    Discussion

The Eighth Amendment's prohibition on the infliction of cruel and unusual punishment "establish the government's obligation to provide medical care for those whom it is punishing by incarceration."  *Estelle v. Gamble*, 429 U.S. 97, 101–03 (1976).  "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment.'"  *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)).

"[A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious.'"  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, Plaintiff must allege the prison official he seeks to hold liable had a "'sufficiently culpable state of mind,'" that is "[i]n prison conditions cases … one of 'deliberate indifference' to inmate health or safety."  *Id.* (quoting *Wilson*, 501 U.S. at 302–03).  A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health and safety;" he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

Plaintiff has plausibly alleged a serious medical need.  *See Doty v. Cnty. of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994) ("[I]ndicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain.")

///

25-cv-00162-RBM-BLM

Deliberate indifference to that serious medical need can be shown where the chosen course of medical treatment was "medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). However, allegations of inadequate medical treatment, medical malpractice, or even gross negligence by themselves do not rise to the level of an Eighth Amendment violation. *See Farmer*, 511 U.S. at 835 ("[N]egligen(ce) in diagnosing or treating a medical condition" does not amount to deliberate indifference) (quoting *Estelle*, 429 U.S. at 106); *see also Estelle*, 429 U.S. at 106 ("an inadvertent failure to provide adequate medical care," negligence, "or malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Plaintiff alleges Robinson was unqualified to perform the procedure used to remove the splint and stitches, as shown by having stopped during the first attempt when Plaintiff cried in pain, excused himself because he "needed to read up on the procedure," then returned and removed the splint and stitches on the third try following another failed attempt which caused Plaintiff excruciating pain, ultimately resulting in permanent damage to Plaintiff's nose. (Doc. 6 at 6–7.) This allegedly occurred in violation of Dr. Driskill's post operative orders that the stitches and splint should be removed at the hospital unless a prison physician determined they could safely be removed at the prison. (*Id.*) Plaintiff alleges Dr. Driskill "shook his head in disbelief" when he examined Plaintiff and ordered a second surgery which should not have been necessary. (*Id.* at 8.) Thus, Robinson, a physician's assistant, allegedly made the decision to remove the stitches and splint knowing that Dr. Driskill wanted that procedure to be done at the hospital unless a prison physician determined it could be performed at the prison, and completed the procedure only after two failed attempts which caused Plaintiff excruciating pain and permanent damage, between which he had to read up on the procedure.

Given the Court is required to "accept all factual allegations in the [FAC] as true and construe [them] in the light most favorable to [plaintiff,] at this stage, and the "low threshold" to pass screening, *Wilhelm*, 680 F.3d at 1123, Plaintiff has plausibly alleged an

Eighth Amendment deliberate indifference clam against Robinson, who, by knowingly ignoring Dr. Driskill's order that only a physician should decide whether the stitches and splint be taken out at the prison or the hospital, chose a course of medical treatment that was "medically unacceptable under the circumstances . . . in conscious disregard of an excessive risk to the prisoner's health." *Toguchi*, 391 F.3d at 1058; *see also Colwell,* 763 F.3d at 1066 (deliberate indifference may be shown when prison officials "intentionally interfere with medical treatment."); *Farmer*, 511 U.S. at 837 (a prison official can be held liable if he "knows of and disregards an excessive risk to inmate health or safety.")

Accordingly, Plaintiff is entitled to have the U.S. Marshal effect service of the summons and FAC against Defendant Robinson. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.")

## II.    Conclusion and Orders

Accordingly, the Court:

1)    **DIRECTS** the Clerk to issue a summons as to the First Amended Complaint (Doc. 6) for Defendant Robinson and forward it to Plaintiff along with a blank U.S. Marshal Form 285.  The Clerk will provide Plaintiff with certified copies of the First Amended Complaint and summons for use in serving this Defendant.  Upon receipt of this "In Forma Pauperis Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1(c), and return the forms to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the In Forma Pauperis Package.

2)    **ORDERS** the U.S. Marshal to serve a copy of the First Amended Complaint and summons upon Defendant Robinson as directed by Plaintiff on the USM Form 285.  Costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R.

6

Civ. P. 4(c)(3).

3)  **ORDERS** Defendant, once served, to respond to Plaintiff's First Amended Complaint and any subsequent pleading filed in this matter in which defendant is named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3).  *See* 42 U.S.C. § 1997e(g)(2) (while defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening defendant is required to respond).

4)  **ORDERS** Plaintiff, after service has been made by the U.S. Marshal, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Federal Rule of Civil Procedure 5(b).  Plaintiff must include with every original document sought to be filed with the Clerk, a certificate stating the manner in which a true and correct copy of that document has been served on defendants or their counsel, and the date of that service.  *See* S.D. Cal. CivLR 5.2.  Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon a defendant, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated:  January 28, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE